UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOUSTON HART, | ) | Case No.: 3:05 CV 1467 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On May 24, 2005, Petitioner Houston Hart (hereinafter, "Petitioner" or "Hart") filed a petition, *pro se*, for writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court trial conviction for robbery in violation of R.C. § 2911.02 (A)(3). Hart argues that he was denied the right to the counsel of his choice in violation of the Fifth, Sixth, and Fourteenth Amendments; and that there was insufficient evidence to support his conviction in violation of the Fifth and Fourteenth Amendments. (*See* Petition, ECF No. 1.) This court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation. On November 21, 2005, Warden Jesse Williams (hereinafter, "Respondent") filed a return of writ. (ECF No. 9.) On March 27, 2006, Hart filed his traverse. (ECF No. 17.)

The Magistrate Judge then submitted his Report and Recommendation on March 28, 2006, recommending that Hart's petition for habeas corpus under 28 U.S.C. § 2254 be denied with

prejudice and dismissed. (ECF No.18.) Hart filed Objections to the Report and Recommendation on May 5, 2006. (ECF No. 20.)

The court finds, after careful review of the Magistrate Judge's Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. In addition to the Magistrate Judge's conclusions regarding Hart's Sixth Amendment right to counsel of his choice claim, this court finds that the Sixth Circuit's holding in *United States v. Thomas*, No. 98-3851, 2000 U.S. App. LEXIS 14071 (6th Cir. June 8, 2000), is distinguishable on the facts.

In *Thomas*, the Sixth Circuit considered a case in which the trial court refused to further delay the trial of a defendant who, on the day of trial, moved for a continuance in order to replace his court-appointed attorney with one retained by his family. *Id.* at *3-4. The Sixth Circuit found that the district court failed to make the appropriate inquiry as to why Thomas wanted a new attorney, nor did it consider Thomas's right to counsel of his choice against the interests of judicial economy. *Id.* at *6-7. As such, the Sixth Circuit was unable to determine from the record whether the district court had abused its discretion and therefore remanded for a hearing on these issues. *Id.* at *7. In the instant case, unlike in *Thomas*, the trial court did engage in the appropriate inquiry, both in chambers and in the court room, with respect to Hart's request for a continuance and for substitution of counsel. The trial court decided against further delay after considering Hart's reasons for the requests, the timing of Hart's requests, and after noting the court's concerns for judicial economy. As such, the instant case is distinguishable from *Thomas*.

This case is more similar to *United States v. Green*, 388 F.3d 918, 922 (6th Cir. 2004). In *Green*, the Sixth Circuit affirmed the defendant's conviction and sentence where the trial judge had

refused to appoint a fourth attorney for defendant after defendant fired his third attorney on the day of sentencing, after two previous delays, thus leaving defendant without the benefit of counsel. *Id.* at 919. The Sixth Circuit observed that "the important right to counsel of choice is not absolute; it must be balanced against the court's authority to control its own docket, and a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court . . . ." *Id.* at 921 (citing *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988)). In the instant case, the trial judge made the determination not to allow new counsel and to proceed with the trial for reasons of judicial economy after hearing Hart's reasons for wanting a new attorney, just as the trial judge determined in *Green* not to appoint new counsel and to proceed with sentencing. Additionally, in *Green*, the Sixth Circuit also distinguished that case from *United States v. Thomas*, stating that in *Thomas* " the district court made no effort to ascertain the reasons for Thomas's dissatisfaction with his attorney" nor did the trial court "weigh Thomas's right to counsel of his choice against judicial economy." *Id.* at 922 n.1.

Accordingly, Hart's petition for a writ of habeas corpus is hereby denied. The court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 18.) The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 11, 2006